UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 05-81141

CIV-MIDDLEBROOKS

Magistrate Judge:

MAGISTRATE JUDGE JOHNSON

FILED BY ___ D.C.
2005 DEC 21 PM 4:15
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FT.L.

ROLAND TUCKER,

Plaintiff,

vs.

CAVCO ENTERPRISES, INC.
d/b/a/ WESTSIDE CLEANERS,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiff, ROLAND TUCKER ("Tucker"), sues Defendant, CAVCO ENTERPRISES, INC. d/b/a/ WESTSIDE CLEANERS ("Cavco"), and states:

**JURISDICTION**

1. Plaintiff, Tucker, was an employee of Defendant, Cavco. Tucker brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201 et seq., (hereinafter "FLSA"). Tucker performed dry cleaning work and related activities for Cavco in Palm Beach County, Florida.

2. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and Title 29 U.S.C. §216(b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear pendent state law claims.

3. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. §2000e, et seq. and 29 U.S.C. §206 et seq. in that all of the allegations set forth herein took place in Palm

Beach County, Florida.

**PARTIES**

4. At all times relevant hereto, Tucker is and was a resident of Palm County, Florida.

5. At all times relevant hereto, Cavco was and is a Florida corporation doing business in Palm Beach County, Florida.

6. Plaintiff, Tucker, was subject to the payroll practices and procedures described below and was required to work in excess of forty (40) hours during one or more work weeks beginning on or after August 1, 2005, and was not paid time-and-a-half wages for the overtime hours he worked.

7. At all times relevant hereto, Cavco was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA. Based upon information and belief, the annual gross sales volume of Cavco was in excess of $500,000.00 per annum. Additionally, Tucker was individually engaged in commerce at all times material hereto.

8. At all times relevant hereto, Cavco acted directly or indirectly in the interest of an employer in relation to Tucker, and other employees similarly situated. Cavco exercised the authority to hire and fire employees, determined the work schedules of employees, set pay rates of employees, and controlled the finances and operations of the business. By virtue of such control and authority, Cavco was an employer of Tucker as that term is defined by the FLSA, 29 U.S.C. §§201 et seq.

**COMMON ALLEGATIONS**

9. Tucker was hired by Cavco in or about August 1, 2005, as a dry cleaner in Cavco's dry cleaning store in Jupiter, Palm Beach County, Florida. Tucker did not manage anyone and exercised no independent judgment or discretion in the store's administration or operation. While Cavco purported to pay Tucker a weekly salary, Tucker was required to clock in and out like the employees paid on an hourly basis. On information and belief, Cavco falsely characterized Tucker's compensation as a "salary" in an effort to circumvent the requirement to pay overtime wages as set forth in the FLSA.

10. During his employment with Cavco, Tucker worked the number of hours required of him but was not paid time-and-a-half wages for all hours worked in excess of forty (40) during a work week. Tucker routinely worked ten (10) or more hours in excess of forty (40) hours per week during the several months he was employed by Cavco.

11. Cavco failed to maintain accurate records of time worked by Tucker as required by the FLSA or, in the alternative, Cavco maintained accurate records, but failed to pay overtime wages to Tucker as earned and reflected on the time records.

12. Cavco employed Tucker in the dry cleaning enterprise for work weeks longer than forty (40) hours and willfully failed to compensate Tucker for his hours worked in excess of forty (40) hours a week at a rate of at least time-and-a-half, contrary to the

requirements of Section 7 of the FLSA. (29 U.S.C. Section 207).

13. On or about October 5, 2005, Cavco notified Tucker that he would be docked pay for damage to blouse that was a legitimate business expense of the company and a risk inherent in dry cleaning clothing. The damage was not caused by Tucker, personally. Cavco deducted $25.00 from Tucker's wages for the work week of October 3-7, 2005.

14. Cavco deducted another $25.00 from Tucker's pay for damage to the blouse on October 12, 2005, for the work week of October 10-14, 2005.

15. Cavco deducted $50.00 from pay owed to Tucker without Tucker's authorization or consent. This sum was not appropriately deducted from his pay.

16. To date, Tucker has not been paid the $45.00 which was deducted from his pay.

17. During the work week of October 24-28, 2005, following Hurricane Wilma, Tucker was advised not to report to work because the electric power was off as a result of damage caused by the hurricane. Tucker diligently checked each day to determine whether the power had been restored. Tucker was notified late in the afternoon on Thursday, October 27, 2005, that the power was back on and that he should report to work.

18. Tucker reported to work promptly on Friday morning, October 28, 2005. Sometime during that day, he was dismissed from his employment. Cavco failed to pay Tucker for the hours he worked

on October 28, 2005, or for any of the time he was unable to work due to the loss of electricity at the business premises.

19. On information and belief, Defendant customarily paid Tucker during the week that he actually worked, and not in arrears.

20. Tucker has been required to retain the services of the undersigned law firm to represent him in this matter and he has become obligated to pay reasonable attorneys' fees and costs of this action.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

21. Tucker readopts and realleges all allegations contained in paragraphs 1 through 20 above.

22. Tucker is entitled to be paid time and one-half of his regular rate of pay for each hour he worked in excess of forty (40) hours per work week.

23. By reason of Cavco's intentional and unlawful acts, and Cavco's deliberate underpayment of wages, Tucker has suffered damages, and has incurred costs and reasonable attorneys' fees.

24. The underpayment of wages by Defendant was willful. As a result of Cavco's willful violation of the FLSA, Tucker is entitled to liquidated damages.

WHEREFORE, Plaintiff, Roland Tucker, demands judgment against Defendant, Cavco Enterprises, Inc. d/b/a Westside Cleaners, for (i) compensatory damages for the wages and overtime payments due him, (ii) an additional equal amount as liquidated damages, (iii) costs

and attorneys' fees pursuant to the FLSA, (iv) pre- and post-judgment interest, and (iv) such other further relief as this Court deems just and proper.

**COUNT II**
**UNPAID WAGES - FLORIDA STATUTES §448.04**

25. Tucker readopts and realleges all allegations contained in paragraphs 1 through 20 above.

26. For the work week of October 3-7, 2005, Tucker earned $650.00 (gross) in hourly wages. Cavco failed and willfully refused to pay Tucker wages earned and to which he is entitled for that work week in the amount of $25.00 that Cavco improperly deducted from Tucker's pay.

27. For the work week of October 10-14, 2005, Tucker earned $650.00.00 (gross) in hourly wages. Cavco failed and willfully refused to pay Tucker wages earned and to which he is entitled for that work week in the amount of $25.00 that Cavco improperly deducted from Tucker's pay.

WHEREFORE, Plaintiff, Roland Tucker, demands judgment against Defendant, Cavco Enterprises, Inc. d/b/a Westside Cleaners, for all damages incurred, together with (i) costs and attorneys' fees pursuant to Florida Statutes, Section 448.04, (ii) pre-judgment interest, (iii) post-judgment interest on the sum total of the foregoing until paid in full, and (iv) such other and further relief as this Court deems just and proper.

**COUNT III**
**UNPAID WAGES - FLORIDA STATUTES §448.04**

28. Tucker readopts and realleges all allegations contained in paragraphs 1 through 20 above.

29. Defendant has never paid Tucker for the time he worked during the week of October 24-28, 2005, following Hurricane Wilma.

WHEREFORE, Plaintiff, Roland Tucker, demands judgment against Defendant, Cavco Enterprises, Inc. d/b/a Westside Cleaners, for all damages incurred, together with (i) costs and attorneys' fees pursuant to Florida Statutes, Section 448.04, (ii) pre-judgment interest, (iii) post-judgment interest on the sum total of the foregoing until paid in full, and (iv) such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Tucker demands trial by jury on each of the counts of the comlaint.

DATED this 20th day of December, 2005.

MALLORY LAW GROUP
1907 Commerce Lane, Ste. 104
P.O. Box 8858
Jupiter, Florida 33468
Telephone: (561) 743-3708
Facsimile: (561) 743-3729

By: ______________________
Merry E. Lindberg
Florida Bar No. 0308102
For the Firm

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

CIV-MIDDLEBROOKS

**I. (a) PLAINTIFFS**
ROLAND TUCKER

**DEFENDANTS**
CAYCO ENTERPRISES, INC., d/b/a WESTSIDE CLEANERS

**(b)** County of Residence of First Listed Plaintiff Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Merry Lindberg, Esquire, Mallory Law Group
1907 Commerce Lane, Suite 104
Jupiter, Florida 33458
561-743-3708

Attorneys (If Known)

05-81141

MAGISTRATE JUDGE JOHNSON

FILED BY [illegible] D.C.
2005 DEC 21 PM 4:[illegible]
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:05 CV 81141 - DMM - Johnson

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Remanded from Appellate Court ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. Section 201 - failure to pay overtime
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE 12/20/2005

FOR OFFICE USE ONLY
AMOUNT 250.00 RECEIPT # 535922 IFP

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled Copy of Order of Dismissal. (3)

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Remanded from Appellate Court. (6) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.